UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IDEN BOYD WILKEN, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NOS. 3:11-CV-334 RM |
| | ) | and 3:11-CV-335 RM |
| UNITED STATES OF AMERICA, | ) | (Arising out of 3:09-CR-59 RM |
| | ) | and 3:09-CR-160 RM) |
| Respondent | ) | |

OPINION and ORDER

On August 29, 2011, the court issued an order (Doc. No. 43) that denied Mr. Wilken's claims under 28 U.S.C. § 2255, but ordered the government to show cause why certain property shouldn't be returned to Mr. Wilken. The court noted that, although there was a forfeiture allegation in the indictment and although Mr. Wilken had waived the right to challenge the forfeiture, the lack of a judicial forfeiture coupled with Mr. Wilken's allegation that the seizure was improper left the court with the possibility that Mr. Wilken could have a cognizable claim.

The government responded to the order to show cause by asserting that an administrative forfeiture (as opposed to a judicial forfeiture) was appropriate in this matter and that the administrative forfeiture was carried out properly. In support of this assertion, the government has attached copies of four declarations of forfeiture, each one attesting that the forfeiture was completed properly.

When the government has seized property and then files an indictment that includes a forfeiture allegation, 18 U.S.C. § 982(a)(1)(A) provides the government with an option: either proceed with the non-judicial forfeiture, or terminate the

non-judicial forfeiture and proceed with a judicial, criminal forfeiture. In this case, it is apparent that the government chose to proceed with its non-judicial forfeiture that it began when it seized the property on October 14, 2009, in spite of the fact that the indictment contained a forfeiture allegation.

In his signed plea agreement, Mr. Wilken agreed "not to contest the forfeiture of the property set forth in 3:09 CR 160 as proceeds of drug trafficking." The property described in that indictment is the exact property he now says was improperly seized. Since the government has shown evidence of a proper seizure and since Mr. Wilken waived his right to contest the property as other than proceeds from drug trafficking, Mr. Wilken doesn't have a cognizable claim to dispute the forfeiture. Accordingly, the remaining claim on Mr. Wilken's motion under 28 U.S.C. § 2255 (Doc. No. 42), which the court construed as a motion under Federal Rule of Criminal Procedure 41(g), is DENIED.

SO ORDERED.

ENTERED:  November 21, 2011

/s/ Robert L. Miller, Jr.
Judge
United States District Court

2